Commonwealth of Pennsylvania, Department of Labor & Industry, Office of Employment Security, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 29, 1985, before Judges Doyle and Barry, and Senior Judge Kalish, sitting as a panel of three.

*Francine Ostrovsky,* Assistant Chief Counsel, with her, *Herbert W. Hoffman,* Deputy Chief Counsel, and *Charles Hasson,* Chief Counsel, for petitioner.

*Donald L. Jones, Pannebaker & Associates, P.C.,* for intervenor, Manpower, Inc.

Opinion by Judge Doyle, April 8, 1985:

The Department of Labor and Industry, Office of Employment Security (OES) petitions for review of

the order of the Unemployment Compensation Board of Review (Board) affirming[1] the decision and order of a referee which reversed the determination of the OES which in turn had denied the request of Manpower, Inc. of Harrisburg (Manpower) for "relief from charges" pursuant to Section 302(a)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 4 of the Act of May 26, 1949, *as amended,* 43 P.S. §782(a)(1), for the benefits received by a former employee, David A. Hurlock[2] (Hurlock).

The findings of fact made by the referee, and affirmed by the Board, reveal that Hurlock was employed by Manpower from February 1, 1982 through February 5, 1982 and, after subsequent employment with various employers, he filed an Application for Benefits effective September 21, 1982. As one of Hurlock's base year[3] employers, Manpower was notified[4] that Hurlock had been found eligible for benefits and that a percentage of his benefits would be charged against Manpower's reserve account. Manpower then

---

[1] After issuing an order affirming the referee's decision on March 3, 1983, the Board granted the request of the OES for reconsideration and vacated its March 3, 1983 order. After oral argument, the Board reinstated its prior order and the OES filed the instant petition for review.

[2] Manpower's relief from charges request for Hurlock was one of twenty such proceedings which are dependent upon the outcome of this case. Manpower agreed at the referee's hearing that the decision in Hurlock's case would control the others. Under such circumstances we will confine our analysis to the facts of Hurlock's case, but, while we appreciate the efficacy of such a procedure generally, we have reservations as to its propriety where, as here, there may be as many different reasons for the individual separations from employment as there are claimants.

[3] *See* Section 4(a) of the Act, 43 P.S. §753(a).

[4] *See* Section 501(a) of the Act, 43 P.S. §821(a).

filed the request for relief from charges which is at issue here.

Manpower is in the business of supplying temporary help to employer clients and Hurlock worked for Manpower as a temporary industrial employee. When such an employee is hired the employee remains the employee of Manpower. Manpower provides oral and written instructions that upon completion of an assignment with a client, he is to make a telephone contact to advise Manpower of his availability for further work. Manpower maintains a twenty-four hour answering service to receive such calls. After Hurlock completed a two day assignment on February 5, 1982, he did not notify Manpower of his availability and Manpower had no further contact from him to explain why he voluntarily terminated his employment.

As required by Section 302(a)(1), the OES maintains a separate reserve account for each employer which is charged with compensation paid to each individual who received base year wages from that employer in the proportion that such wages bear to the individual's total wages from all of his base year employers. An employer may be relieved from such charges under a proviso to Section 302(a)(1) "if the [OES] finds that such individual was separated from his most recent work for such employer due to being discharged for willful misconduct connected with such work, *or due to his leaving such work without good cause attributable to his employment. . . ."* (Emphasis added).

The OES presents the following questions for our review: (1) whether Hurlock's separation was voluntary in nature so as to invoke the second part of the disjunctive Section 302(a)(1) test, and (2) if the separation was voluntary, whether Manpower had the burden of proving that Hurlock left its employ with-

out good cause attributable thereto and has met that burden.

Contending that Hurlock's separation from Manpower occurred upon the completion of his temporary assignment on February 5, 1982 and that the separation was *not* voluntary in nature, the OES would have us conclude that the relief from charges provisions do not apply in this case. Such a conclusion, however, would be inconsistent with the administrative findings of fact and, inasmuch as our review of the record demonstrates that those findings are supported by substantial evidence, we are bound thereby. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Consequently, our review is restricted to whether there has been an error of law in the conclusions drawn from such findings. *Id.*

Hurlock's acceptance of employment with Manpower and subsequent failure to call in for reassignment after completing the assignment on February 5, 1982 or thereafter as required by the terms of that employment, clearly leads to a conclusion of job abandonment. *See Tapia v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 548, 462 A.2d 915 (1983). Accordingly, we find no error on the part of the Board in affirming the referee's conclusion that Hurlock voluntarily terminated his employment with Manpower and that, therefore, the second part of the relief from charges test does apply.

Our final inquiry, then, is whether Manpower had the burden of proving that Hurlock left its employment "without good cause attributable to his employment" and whether it has failed to meet that burden as contended by the OES.

An employer seeking relief from charges is requesting a tax exemption; therefore, a strict construction is required. *Emes Unemployment Compensation Case,* 193 Pa. Superior Ct. 230, 163 A.2d 887 (1960).[5] This means that an employer must bring itself within the relieving provisions or relief must be denied. *Id.* In *Northeastern Hospital v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 332, 439 A.2d 1337 (1982), this Court followed the strict construction approach under the terms of Section 302(a)(1). Therefore, we agree with the OES that Manpower has the burden of proof under Section 302(a)(1).[6]

---

[5] In *Emes,* the Superior Court interpreted a predecessor to Section 302(a)(1), Section 302(f), which contained substantially the same language as is involved here.

[6] Under the peculiar circumstances of this case, we are concerned with the fairness of placing this negative burden on an employer. As is demonstrated in this matter, where an employee leaves work without communicating a reason to the employer, that employer is left to prove the absence of good cause *attributable to the employment.* The employer is then faced with the onerous burden of attempting to eliminate all possible employment related causes for the employee's departure and the failure to do so will result in the denial of relief. Such reasoning prevailed in *California Portland Cement Co. v. California Unemployment Insurance Appeals Board,* 178 Cal. App. 2d 263, 3 Cal. Rptr. 37 (1960) cited in the brief of the OES, where the employer was denied relief due to its failure to eliminate the possibility that, under the California statute, the employee may have good cause for quitting due to some *personal* reason, even though the employer introduced copious evidence to show that due to favorable terms and conditions of employment the employee could have no good cause *attributable to his employment for quitting.* Under normal circumstances, an employer will be apprised of an employee's reason for leaving, but where as here, that does not occur, an employer may be faced with an impossible task, *i.e.,* attempting to prove a fact when it has no knowledge of or control over, the sources of such information. Therefore, we believe that the administrative agency must cooperate by providing to such an employer

In order for us to determine whether Manpower has met that burden, we must look to the administrative findings of fact for the reasons why Hurlock left his job with Manpower. Unfortunately, there are no such findings in this case and without such findings, we cannot perform our appellate review function. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975). The referee merely *inferred* a lack of good cause attributable to Hurlock's employment from his failure to comply with the call-in rules. Clearly, such an inference is unwarranted under Section 302(a)(1) and the cases cited above in regard to the employer's burden of proof and is, we believe, impermissible on the current state of the record in this matter. While any failure to meet the burden of proof ordinarily would be resolved against the party upon whom the burden rests, we believe that in light of the paucity of previous case law in this area, the unique circumstances of this case, and in view of the concerns we expressed in footnote 6, fairness requires a remand not only for further necessary fact-finding, but also for another hearing at which any documents in the possession of the OES relating to Hurlock's separation from Manpower may be introduced together with any new relevant evidence Manpower may have.

Accordingly, we will vacate the Board order under review and will remand this matter for another

any information it might have pertaining to the separation of the employee involved without forcing the employer to resort to the subpoena procedures of Section 506 of the Act, 43 P.S. §826, or the regulations at 43 Pa. Code §101.31. We note that the record in this case contains a notice from the OES Employer's Experience Rating Unit to the Harrisburg local office advising the local office that a referee had been designated to hear Manpower's appeal, but that the usual documents which the local office routinely sends to a referee for a hearing were not needed.

hearing and, thereafter, a new decision with appropriate findings of fact.

### Order

And Now, this 8th day of April, 1985, the order of the Unemployment Compensation Board of Review, Decision No. B-215470-B, is vacated and this matter is remanded to the Board for further proceedings consistent with this Opinion.

Jurisdiction relinquished.

Judge Williams, Jr., did not participate in the decision in this case.