583 A.2d 7

**LAUTEK CORPORATION, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Heard Sept. 6, 1990.

Decided Oct. 30, 1990.

Designated as Opinion to be Reported Nov. 28, 1990.

Jeffrey T. Tucker, with him, Mary Anne Clausen, Curtin and Heefner, Morrisville, for petitioner.

William A. Slaughter, with him, Walter M. Einhorn, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, for respondent/claimant, George M. Willbanks.

BYER, Judge.

In this appeal by Lautek Corporation ("Lautek") from a decision of the Unemployment Compensation Board of Review affirming the award of benefits to George M. Willbanks, a former employee, Willbanks has filed motions (1) to intervene and for substitution of counsel and (2) to dismiss or quash Lautek's petition for review. We grant the first motion and deny the second.

After the November 13, 1989 decision of the Unemployment Compensation Board of Review, Lautek, by its former counsel, filed on December 13, 1989 a petition for review in the nature of an appeal pursuant to Pa.R.A.P. 1511. Lautek served this petition on the board and on former counsel for Willbanks.

The petition for review did not include a notice to participate directed to Willbanks, as required by Pa.R.A.P. 1514(c).[1] Because the petition for review did not include a notice to participate, our chief clerk did not docket the case, but instead returned the petition for review to Lautek's former counsel on December 15, 1989 with a form notice indicating the defect and stating:

A CORRECTED PETITION FOR REVIEW MUST BE RECEIVED BY THIS COURT WITHIN THIRTY (30) DAYS OF THE DATE OF FILING SHOWN BELOW OR THIS MATTER WILL BE DEEMED WITHDRAWN. COPIES OF THE CORRECTED PETITION FOR REVIEW MUST BE SERVED ON ALL PARTIES PURSUANT TO PA. RAP 1514(c).

The "date of filing shown below" on the form was December 13, 1989. This filing date was stamped on the petition for review when it was received by our filing office.

Lautek's former counsel on December 21, 1989 received the petition returned by our chief clerk. That same day, Lautek's former counsel served a notice to participate on

1. Pa.R.A.P. 1514(c) governs service of a petition for review and provides, among other things:

All other parties before the government unit which made the determination sought to be reviewed shall be served as prescribed by Rule 121(b) (service of all papers required). Whenever any such other parties are served, unless they have been named as respondents under Rule 1513(b) (caption and parties), the petition for review shall contain or have endorsed upon it a statement substantially as follows:

"If you intend to participate in this proceeding in the (Supreme, Superior or Commonwealth, as appropriate) Court, you must serve and file a notice of or application for intervention under Rule 1531 of the Pennsylvania Rules of Appellate Procedure within 30 days."

former counsel for Willbanks by hand delivery. However, because of an error by a secretary in the office of Lautek's former counsel, the corrected petition for review, together with an explanatory cover letter addressed to our chief clerk, was mailed to the Unemployment Compensation Board of Review instead of to this court. The board did not forward the papers to this court, apparently because of an erroneous but understandable conclusion that the papers were an informational or service copy of what Lautek should have filed with this court.

On February 20, 1990, Lautek filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Bankruptcy Court appointed Lautek's current counsel to serve as special counsel in this case on April 25, 1990.

In May 1990, Lautek's current counsel called our prothonotary's office to inquire concerning the status of this case, and was accurately informed that there was no record of this case in this court. There followed additional investigation both by Lautek's counsel and our prothonotary, and on June 4, 1990 our prothonotary confirmed that the papers which should have been sent to this court on December 21, 1989 instead had been sent by Lautek to the Unemployment Compensation Board of Review. At the request of our prothonotary, the board forwarded the petition for review to this court. On June 6, 1990, our chief clerk docketed the petition for review as filed and issued a notice of filing.

*Motion to Dismiss or Quash the Petition for Review* [2]

■ Willbanks contends that we do not have jurisdiction to consider the petition for review, because he claims Lautek filed the petition for review more than 30 days after the November 13, 1989 order of the Unemployment Compensa-

2. There might be some logic to considering the question of whether Willbanks may intervene before we consider his motion to dismiss or quash. Because we could raise the question of jurisdiction on our own volition, our decision on intervention has no bearing on our decision of the jurisdictional question.

tion Board of Review.[3]   Willbanks' argument is based upon the following logic:

1.   Lautek's "filing" of a petition for review on December 13, 1989 did not toll the 30–day jurisdictional time limit for filing a petition for review, because the petition was insufficient without a notice to participate, and the chief clerk, therefore, returned the petition for review to Lautek without docketing it as filed;

2.   Lautek's mailing of a corrected petition for review on December 21, 1989 did not result in the timely filing of a petition for review, because it was more than 30 days after the November 13, 1989 order of the Unemployment Compensation Board of Review and because the filing of a petition for review with the board rather than with this court is a nullity even if we had the power to extend Lautek's time for filing a petition for review for 30 days after the return of the petition for review to Lautek, as implied by the form notice issued by our chief clerk;  and

3.   The petition for review was not filed until docketed by this court on June 6, 1990, well beyond the 30–day time for filing a petition for review in the nature of an appeal from the November 13, 1989 order.

We reject Willbanks' argument, because we hold that Lautek filed a timely petition for review on December 13, 1989.

Although Lautek's original petition for review did not contain a notice to participate as required by Pa.R.A.P. 1514(c), this was not a jurisdictional defect.   The required content of a petition for review appears in Pa.R.A.P. 1513. This rule governing content does not contain any provision requiring a notice to participate.

The requirement of a notice to participate under the circumstances applicable to this case appears in Pa.R.A.P. 1514(c), which governs service of the petition for review.

**3.**   Under Pa.R.A.P. 1512(a)(1), a petition for review in the nature of an appeal from an order of the Unemployment Compensation Board of Review must be filed within 30 days after entry of the order.

The text of the notice[4] is directed to potential intervenors and informs the recipient of the requirement of filing a notice or application for intervention if the recipient intends to participate.

The question of whether the absence of a notice to participate is a fatal defect in a petition for review is of first impression. We find no reason why it should be considered a fatal defect.

A notice to participate under Pa.R.A.P. 1514(c) is analogous to a notice to defend under Pa.R.C.P. 1018.1. No court to our knowledge ever has held a notice to defend to be such an essential part of a complaint that the filing of a complaint without a notice to defend would fail to toll the statute of limitations. Instead, it follows from the Rules of Civil Procedure that the only effect of the failure to include a notice to defend in a complaint is to relieve the defendant of any obligation to plead to the complaint within 20 days after service. *See* Pa.R.C.P. 1026(a).[5] Certainly no prothonotary or filing clerk ever would be justified in refusing to accept for filing or subsequently returning a complaint because of the absence of a notice to defend.

Similarly, we hold that the only effect of the failure to include a notice to participate in a petition for review is to relieve potential intervenors of the obligation to file an application or notice of intervention within 30 days under Pa.R.A.P. 1531. The absence of the notice to participate does not affect the validity of the petition for review or preclude the tolling of the 30–day time for filing under Pa.R.A.P. 1512(a).

It follows, therefore, that our chief clerk should have docketed the petition for review as filed on December 13, 1989. As noted above, the record shows that the petition

---

4. See footnote 1, above.

5. Where a complaint does not include a notice to defend, a defendant nevertheless might have to file preliminary objections or an answer containing new matter in order to assert a lack of personal jurisdiction or other defenses which are waived if not pleaded by the defendant.

for review was stamped as filed on December 13, 1989, and the notice returning the petition for review shows December 13, 1989 as "the date of filing" from which the 30–day period for filing a corrected petition would run. Therefore, we shall order that the docket be corrected to reflect the correct filing date.[6]

Because the petition for review was timely filed on December 13, 1989, it does not matter that the corrected petition for review was misdirected to the Unemployment Compensation Board of Review and did not arrive here until June 6, 1990. Although this has resulted in a regrettable delay in the processing of this case, it does not affect our jurisdiction.

Therefore, we will deny Willbanks' motion to dismiss or quash the petition for review.

### The Motion to Intervene and for Substitution of Counsel

■ Lautek opposes this motion, because it contends that Willbanks was required to file a notice of intervention under Pa.R.A.P. 1531(a) within 30 days after notice of the filing of the petition for review. However, as noted above, Lautek's failure to include a notice to participate under Pa.R.A.P. 1514(c) in its original petition for review would have relieved Willbanks of any obligation to file a notice of intervention within the 30–day period under Pa.R.A.P. 1531(a).

Lautek did serve Willbanks with the required notice to participate on December 21, 1989. Furthermore, our chief

---

**6.** As a result of what has transpired in this case, our court's administrative staff is taking appropriate measures to require that petitions for review be docketed when received by this court even if they are returned for correction of defects. We note, however, that where a defect is jurisdictional in nature, there might be some question whether a notice from our chief clerk can provide additional time for filing a corrected petition beyond the original 30–day period. That is an issue which is not involved in this case, because of our holding that the notice to participate is not a jurisdictional requirement and, therefore, the petition for review must be treated as timely filed on December 13, 1989.

clerk did issue a notice of filing June 6, 1990, but Willbanks did not file a notice of intervention within 30 days of that notice. Instead, Willbanks filed his motion to intervene on July 13, 1990, which Lautek contends is untimely.

This case involves unique circumstances. Because of the confusion Lautek caused by its original failure to include a notice to participate in its petition for review and its forwarding the corrected petition for review to the Unemployment Compensation Board of Review rather than to this court, it would not be appropriate for us to enforce a 30–day intervention requirement on Willbanks. Willbanks acted in a reasonably prompt fashion under all the circumstances after our chief clerk issued the notice of filing nearly six months later than it would have been issued if Lautek had not made its two mistakes, and neither Lautek nor the Unemployment Compensation Board of Review would be prejudiced by Willbanks' intervention at this time.

Therefore, we will grant Willbanks' motion to intervene and for substitution of counsel.

## ORDER

For the reasons expressed in the accompanying opinion:

1. The motion to dismiss or quash the petition for review is denied.

2. The prothonotary shall correct the docket to reflect the filing of the petition for review on December 13, 1989.

3. The motion of George M. Willbanks to intervene and for substitution of counsel is granted.

4. George M. Willbanks shall file and serve the required number of copies of his brief on the merits of the petition for review by November 13, 1990.