619 A.2d 801

**FIRST NATIONAL BANK OF BATH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 9, 1992.

Decided Aug. 5, 1992.

Publication Ordered Jan. 11, 1993.

David G. Knerr, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

First National Bank (Employer) petitions for review of the June 17, 1991 order of the Unemployment Compensation Board of Review (Board), denying Employer's request for relief from charges under section 302(a) of the Unemployment Compensation Law,[1] because a prior eligibility determination allowing benefits was not appealed. We affirm.

The relevant factual and procedural history may be summarized as follows. Kenneth Longley (Claimant) resigned from his position at First National Bank and applied for unemployment compensation benefits which were granted in an Office of Employment Security (Bureau) notice of determination dated January 14, 1991. Both Claimant and Employer received copies of this notice. (Before the notice of determination was sent to Employer, Employer also received form UC–44FR "Request for Relief from Charges" from the Harrisburg office of the Department of Labor and Industry).

The January 14, 1991 notice of determination stated that Claimant was discharged "for reasons which are not considered willful misconduct in connection with his or her work because of unknown reasons" (R.R. 2a). It provided detailed instructions for filing an appeal.

The front of the form contained the following language: APPEAL INSTRUCTIONS—Under Section 501(e) of the Pennsylvania Unemployment Compensation Law, this determination becomes final unless an appeal is timely filed. If you disagree with this determination you may file an appeal at the office where you are claiming benefits or file an appeal by mail.

—If the appeal is filed in person, it must be filed on or before the last day to appeal shown in the upper right corner.

—If the appeal is filed by mail, the appeal letter must include your name and social security number, and state specifically that you want to file an appeal from this deter-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 782(a) (Act).

mination and the reason for this appeal. The appeal letter must be addressed to the Pennsylvania Employment Security office which appears in the lower right corner and postmarked on or before the last day to appeal shown in the upper right corner.

EMPLOYER: THIS IS NOT A DETERMINATION ON RELIEF FROM CHARGES.

(Finding of Fact No. 5).

The back of the form stated:

EMPLOYER: THIS IS NOT A DETERMINATION ON RELIEF FROM CHARGES. If you are a base-year employer and desire to take advantage of the Relief from Charge provision of the Law, it is necessary that you apply by letter, or by filing Form UC–44FR previously supplied to you, to the Relief From Charges Unit, 7th Floor, Labor and Industry Building, 7th and Forster Streets, Harrisburg, PA 17121. Requests for Relief from Charges must be filed within fifteen (15) days from the date which appears in Block "Financial Decision" on Form UC–44FR in order to be considered timely filed. A Request for Relief filed later than the time limitations indicated above may be approved only with respect to claims for weeks ending fifteen (15) days or more subsequent to the date such request was filed. A Request for Relief from Charges, whether granted or not, will have no effect on this determination.

(Finding of Fact No. 6).

During the fifteen day statutory appeal period, Employer did not follow the instructions provided on the face of the notice of determination, but completed the UC–44FR "Request for Relief from Charges" instead. (R.R. 3a–4a). On the completed UC–44FR form, Employer indicated that Claimant resigned after falsifying records and would have been discharged for willful misconduct if he had not resigned. The letter which accompanied Employer's UC–44FR form merely stated that Employer was enclosing a request for relief from charges.

On March 7, 1991, the Bureau's Relief from Charges unit denied Employer's request for relief from charges pursuant to

section 501(e)(1) of the Act.[2]   Employer appealed that determination.   The Referee held an evidentiary hearing at which Employer's representative and a Bureau representative both testified.

The Referee issued a decision on April 16, 1991, affirming the Bureau's determination and denying Employer's request for relief from charges.   Employer then appealed to the Board from the Referee's decision.   On June 17, 1991, the Board issued an order affirming the Referee's decision.[3]   Employer now appeals from the order of June 17.

Employer contends on review [4] that 1) the Referee elevated form over substance and denied Employer due process by denying Employer the right to be heard on the merits of its claim of willful misconduct;  and 2) Employer's completed form UC–44FR should be treated as a legal alternative to the appeal procedure described on the Bureau determination form.   More specifically, Employer alleges that its UC–44FR form manifested the intent to appeal.

The Board counters that Employer failed to meet its burden of proving that it intended to appeal, and that furthermore, there is a jurisdictional distinction between eligibility for

2.   43 P.S. § 821(e).   Section 501(e) states:
Unless the Claimant or last Employer or base year Employer of the Claimant files an appeal with the Board from the determination contained in any notice required to be furnished by the Department under section 501(a), (c) and (d) within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the Department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

3.   The Board specifically found:
12.   The employer filed an appeal from the Notice of Decision on Request For Relief from Charges.
13.   The employer did not file an appeal from the Notice of Determination.

4.   Our scope of review in unemployment compensation cases is limited to whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Phoebus v. Unemployment Compensation Board of Review,* 132 Pa.Commonwealth Ct. 518, 573 A.2d 649 (1990).

unemployment compensation benefits under section 402 and a request for relief from charges under section 302 of the Act. We agree with the Board that Employer never appealed the original Bureau determination of eligibility according to the requirements of section 501(e) of the Act.

Under Pennsylvania law, an Employer seeking relief from charges is requesting a tax exemption. Thus, strict construction is required. *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 88 Pa.Commonwealth Ct. 519, 501 A.2d 297 (1985). The burden of proof lies with the employer to bring itself within the relieving provisions of the Act or relief will be denied.

The language of section 501(e), cited previously in this opinion, is both clear and mandatory. Employers have fifteen (15) days to file an appeal from a determination of willful misconduct or that determination "*shall be* final and compensation *shall be* paid or denied in accordance therewith." (Emphasis supplied). Because appeal provisions of the Act are mandatory, appellants carry a heavy burden to justify untimely appeals, and, absent proof of fraud, cannot prevail. *Leight v. Unemployment Compensation Board of Review*, 49 Pa.Commonwealth Ct. 312, 410 A.2d 1307 (1980).

Employer argues that it was confused by the two different documents it received, and claims that the appeal instructions on the notice of determination were misleading. According to Employer, Pennsylvania case law clearly supports granting parties "the right to proceed with their case before an administrative agency after having been misled by agency authorities." (Brief at 12). In support of its position, Employer cites such cases as *Moore v. Commonwealth of Pennsylvania, Board of Probation and Parole*, 94 Pa.Commonwealth Ct. 527, 529, 503 A.2d 1099, 1101 (1986) (holding that "negligence on the part of administrative officials may be deemed to be the equivalent of fraud" for extension purposes); *Nayak v. Pennsylvania Department of Public Welfare*, 107 Pa.Commonwealth Ct. 504, 510, 529 A.2d 557, 560 (1987) (holding that the time permitted for appeals of agency deci-

sions "may be extended *nunc pro tunc* upon a showing of fraud or breakdown in the administrative process"); and *West Greene School District v. Unemployment Compensation Board of Review*, 112 Pa.Commonwealth Ct. 334, 535 A.2d 697 (1988) (holding that claimant who was incorrectly told by intake workers that his appeal could wait was entitled to an extension of time).

Additionally, Employer argues that this court has "expressed a pronounced policy favoring the full and fair hearing of all legal issues rightfully before the court irrespective of a litigant's procedural errors" (Brief at 10, *citing Lautek v. Unemployment Compensation Board of Review*, 136 Pa.Commonwealth Ct. 79, 583 A.2d 7 (1990)). Contrary to employer's contention, *Lautek* is inapposite to the present case because the petition for review at issue in *Lautek* was timely filed, although incomplete. Thus, the procedural error in *Lautek* resulted in a delay but did not affect the validity of the petition for review because the defect was curable. The procedural defect in the case at bar is not curable.

Our thorough review of the record in the present case reveals no evidence of fraud, deception, or concealment on the part of compensation authorities, or any breakdown in the administrative process. Mr. Sutter, Employer's president, completed the UC–44FR form without advice of counsel, thereby assuming the risk of error. The law is clear that risk is inherent in all proceedings without counsel. *Groch v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 26, 472 A.2d 286 (1984). Employer's error and its legal ramifications were self-created and not induced by fraud. Had Employer sought advice of counsel, it would have understood that the filing of an appeal from an eligibility determination is separate and distinct from the filing of a request for relief from charges. Thus, Employer's argument of form versus substance is without merit.

■ Employer's final argument is that the UC–44FR form submitted on January 28, 1991 is in accordance with the permissive alternative written procedures contained in 34 Pa. Code § 101.82(c)(1). Section 101.82 states in pertinent part:

Form of appeal from decision of Department.

. . . .

(c) Use-of the prescribed appeal form is not mandatory to initiate an appeal. The following procedure may be followed:

(1) Any written notice specifically advising that the interested party thereby files an appeal or requests a review of decision, delivered or mailed to a representative of the Department or Board, within the prescribed fifteen-day appeal period, shall constitute an appeal from the decision of the Department and will be processed accordingly without requiring the appellant to complete the appeal form.

Contrary to Employer's assertion, careful reading of the language of section 101.82(c) reveals the need for appellants to "specifically advise" that they are filing an appeal. The Board is correct to argue that Employer did not do so in the present case.

Accordingly, because Employer erred procedurally, and has failed to produce independent evidence of its alleged intent to appeal, we affirm.

## ORDER

AND NOW, this 5th day of August, 1992, the order of the Unemployment Compensation Board of Review, dated June 17, 1991, is affirmed.