**BENSALEM TOWNSHIP POLICE BENEVOLENT ASSOCIATION, INC., Appellant,**

v.

**BENSALEM TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 15, 2000.

May 4, 2001.

Reargument Denied July 16, 2001.

---

**2.** Based on our resolution of the first issue raised herein, we need not address the second issue raised by employer.

Edward D. Foy, Jr., Richboro, for appellant.

Richard R. Morris, Philadelphia, for appellee.

Before COLINS, Judge, FLAHERTY, Judge and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Bensalem Township Police Benevolent Association, Inc. (PBA) appeals from the order of the Court of Common Pleas of Bucks County which dismissed as moot Appellant's Petition to Modify and Correct the Award of a Board of Arbitrators (Board). We affirm.

In June 1997, Bensalem Township (Township) and the PBA commenced negotiations for a new collective bargaining agreement pursuant to the provisions of the Collective Bargaining Act for Police Officers (Act 111), Act of June 25, 1968, P.L. 237, No. 111, 43 P.S. § 217.1—217.10. Failing to reach an agreement, the parties submitted the disputed issues to the Board. The Board resolved the disputed issues and an Award was drafted and delivered to each of the arbitrators for signature. The PBA's arbitrator received a copy of the Award on December 24, 1998 and Township's arbitrator received a copy of the Award on December 29, 1998.

Within ten (10) days of the delivery of the Award, the Township made an application to the Board to modify and/or correct the Award pursuant to the Uniform Arbi-

tration Act, 42 Pa.C.S. § 7311. Trial Court Opinion, R.R. at 234a–235a; R.R. at 160a–161a. This timely application raised three issues: 1) correction of the basis for calculating the deferred compensation plan benefit; 2) correction of the duration the Township is obligated to contribute to the deferred compensation plan benefit; and 3) correction of the duration of the Award from five (5) years to four (4) years.

On January 22, 1999, the PBA filed a "protective" Petition to Correct ("Petition") with the trial court seeking only to change the duration of the Award from a 5–year term to a 4–year term. R.R. at 162a. In response, the Township filed preliminary objections to the PBA's Petition maintaining that the trial court did not have jurisdiction to review the Petition. The basis for this jurisdictional challenge was that the Township had already filed a timely application to the Board pursuant to 42 Pa.C.S. § 7311(a) for modification and/or correction of the Award and the PBA had acknowledged that the issue was already before the Board. The PBA then filed an answer to the preliminary objections and the Township thereafter filed a memorandum of law in support of the preliminary objections and a *praecipe* for disposition as required by Bucks County Rule of Civil Procedure *266.

While the matter was pending before the trial court, the Board issued a Supplemental Award modifying/correcting the original Award to address the issues raised by the Township, including the duration of the original Award (R.R. at 188–198); the same issue that the PBA sought to remedy via its Petition. Consequently, the trial court dismissed the PBA's Petition as moot because the Supplemental Award accomplished that which the PBA had re-

quested, *i.e.* change the duration of the Award from 5 years to 4 years. Moreover, the trial court noted that where a Petition is pending, the court might send it to the Arbitrators for correction. However, the trial court determined that the Board corrected the mistake before it could act and if the PBA was dissatisfied with the Supplemental Award from the Board, then the PBA should have filed a petition to vacate or a petition to correct the Supplemental Award. This appeal by the PBA followed.

▮ The PBA questions whether the trial court erred in permitting the Board to issue a Supplemental Award, whether the trial court properly dismissed the PBA's petition as moot, and whether the Township's filing of preliminary objections was a proper response to the PBA's petition. We note that the PBA has not appealed the Supplemental Award. This Court's scope of review is not, therefore, one of "narrow certiorari" pertaining to an arbitration award issued under the authority of Act 111. *See Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995). Since the questions before this Court concern whether the PBA's petition was properly dismissed as moot, our scope of review is limited to determining whether there has been an error of law or an abuse of discretion. *See County Council v. County Executive*, 143 Pa.Cmwlth. 571, 600 A.2d 257, 259 n. 1 (1991). For the reasons stated herein, we affirm the trial court's order to dismiss the PBA's Petition as moot.

▮ The keystone of the trial court's decision is whether the Board had jurisdiction to correct the initial Award.[1] The PBA asserts that the Board did not have

---

1. If the Board is determined to have had jurisdiction to issue the Supplemental Award, then the PBA's petition to the trial court is moot and therefore the preliminary objections are extinguished.

jurisdiction to modify and correct the Award because the Township failed to give proper notice to the PBA of its application for Board reconsideration. Under Section 7311(b), the party seeking reconsideration must provide written notice "to all other parties stating that they must serve objections thereto within ten days from the date of the notice." 42 Pa.C.S. § 7311(b). The Township contends that it provided sufficient notice when the Township arbitrator received a copy of the fully executed Award on December 29, 1998, (R.R. at 231a) and sent notice of objections on January 7, 1999, (R.R. at 160a–161a) to the PBA arbitrator and the neutral arbitrator, as demonstrated by the PBA's participation in correcting and modifying the Award through the Board. Appellee's Brief at 15–16; R.R. at 35a, 98a. Thus this Court must determine whether failing to strictly conform to the notice requirements under Section 7311(b) will prevent a Board of Arbitrators from exercising its jurisdiction to modify or correct an award.

Our determination of whether defects in the notice requirements are fatal must address both the timeliness and content of the notice. This Court has previously waived strict conformance to the notice provisions under the Uniform Arbitration Act, so we proceed under the premise that absolute conformance is not required.[2] We conclude, therefore, that timely notice was given by the Township's arbitrator to the PBA within nine days of the Award. See 42 Pa.C.S. § 7311(b).

■ If the notice was timely provided, a failure to comply with the content requirements of a notice will not necessarily preclude jurisdiction. See e.g., In re McElhatton, 729 A.2d 163, 166 (Pa.Cmwlth. 1999) (holding that an incorrect caption under Pa. R.A.P. 904 is insufficient to dismiss action). In Lautek Corp. v. UCBR, 136 Pa.Cmwlth. 79, 583 A.2d 7, 8 (1990), an employer filed a petition for review from a decision of the Unemployment Compensation Board of Review, but did not include a notice to participate directed to the claimant pursuant to Pa. R.A.P. 1514(c). This Court held that a notice to participate is analogous to a notice to defend under Pa. R.C.P. No. 1018.1 and concluded that the absence of such notice is not fatal and did not affect jurisdiction. Id. at 9–10. However, this type of defective notice would relieve the opposing party of the obligation to respond within the specified time frame. Id. The reasoning of Lautek, therefore, provided the PBA with an opportunity to not respond to the Township's objections within ten days, but did not preclude the Board from exercising jurisdiction to modify or correct the Award.

This outcome is consistent with the Pennsylvania Supreme Court's recent pronouncement concerning the interplay between the judiciary and the labor dispute resolution process envisioned by the General Assembly. In Township of Sugarloaf v. Bowling, 563 Pa. 237, 759 A.2d 913, 915 (2000), the Court stated that "[t]o ensure that resolution of labor disputes was both swift and certain, involvement by the judiciary in the resolution of Act 111 disputes is most severely circumscribed."[3] Fur-

---

**2.** In Big Beaver Falls Area Sch. Dist. v. Big Beaver Falls Educ. Ass'n, this Court held that the improper mode of service under Section 7317 will not divest trial court jurisdiction when a party acts in good faith to notify the other party and "refrained from a course of conduct serving to stall the legal machinery." 89 Pa.Cmwlth. 176, 492 A.2d 87, 88–89 (1985); see also Nagy v. Upper Yoder Town-

ship, 652 A.2d 428, 430 (Pa.Cmwlth.1994) ("[P]laintiffs have been found to exercise good faith when the defendant has received notice, albeit defective notice.").

**3.** The Court further states:

Moreover, of import is the practical effect of imposing a layer of court intervention on

thermore, Section 7311(b) is silent as to the remedy for failing to strictly conform to the notice requirements. However complete divestment of Board jurisdiction is not consistent with Section 7311(a) (stating as a general rule that the arbitrators may modify or correct an award).

Therefore, while the Township did not comply with the technical notice requirements, we find no evidence that the PBA was prejudiced by the Township's failure to inform the PBA that it had ten (10) days to file objections to the Township's application for reconsideration. To the contrary, the PBA responded to the opportunity to submit arguments and actually proposed a "clarified and corrected award". R.R. at 162a–163a, 171a–173a, 207a–208a. We conclude that although the Township provided timely, but defective, notice of its application to the PBA and Board, the defective content of the notice did not prejudice the PBA and the Board had jurisdiction under Section 7311(b) to change the Award.

■ The PBA next contends that an actual controversy continued to exist in the matter before the trial court thereby preventing a dismissal for mootness.[4] The basis for this contention is that the PBA requested the trial court "to confirm the

Award as so modified and corrected" in the "wherefore clause" of its petition. The PBA further asserts that if the trial court confirmed the initial Award by comparing it with the Supplemental Award, the trial court would have detected the changes to the deferred compensation plan, which the PBA maintains is the actual controversy preventing a dismissal for mootness. We disagree.

■ "The general rule with respect to the issue of mootness is that an actual case or controversy must exist at all stages of appellate review."[5] *Pagnotta v. Pennsylvania Interscholastic Athletic Ass'n, Inc.*, 681 A.2d 235, 237 (Pa.Cmwlth.1996). However, "where '[i]ntervening changes in the factual matrix of a pending case' occur which eliminate an actual controversy and make it impossible for the court to grant the requested relief, the case will be dismissed as moot." *Id.* quoting *Zemprelli v. Thornburgh*, 78 Pa.Cmwlth. 45, 466 A.2d 1123, 1124 (1983). Section 7315(b) states that if the trial court does not grant the application to modify or correct, then the trial court is required to confirm the award as made by the arbitrators. *See* 42 Pa. C.S. § 7315(b). In its Petition, the PBA cited the duration of the Award as the sole basis for modification or correction of the

the process. Our trial courts would be required to expend their already taxed resources on their newfound role as gatekeeper to the labor dispute resolution process; the parties would lose the benefit of an informal, speedy and inexpensive means of dispute resolution. Furthermore, our judges would be forced to grapple with the interpretation of labor agreements to discern the intent of the parties. *Township of Sugarloaf*, 563 Pa. at 243 n. 5, 759 A.2d at 916 n. 5. This complexity cannot be understated in an area of law such as labor dispute resolution where standard commercial contract law terms are given meanings often peculiar to the labor field.

4. Neither party addressed in their briefs whether the trial court should have quashed

the Petition for a lack of jurisdiction rather than dismiss for mootness. We note that the lack of trial court jurisdiction was the initial basis for the Township's preliminary objections and during the pendency of the Board's action this may have been a more appropriate ground to terminate the Petition. However, once the Board issued the Supplemental Award, resolution before the trial court became less of a matter of jurisdiction than a question of mootness.

5. Under 42 Pa.C.S. § 933(b), the petition for review of an arbitrator's award is to be considered an appeal to the trial court. *City of Johnstown v. United Steel Workers of America*, 725 A.2d 248, 250 n. 2 (Pa.Cmwlth.1999).

initial Award. However, during the pendency of this Petition to the trial court, the Board exercised its authority under Section 7311 to correct and modify the initial Award. As a result of the Board's action, the duration of the initial Award was corrected, thereby obviating the basis for the PBA's petition. In addition, the Board modified the initial Award, through the Supplemental Award, to resolve the deferred compensation benefit issues. We agree with the trial court that if the PBA sought to have the Supplemental Award confirmed, then it was required to petition the trial court to confirm, vacate, modify or correct the Supplemental Award. *See* 42 Pa.C.S. § 7311. Therefore, we affirm the trial court's conclusion that the Board's modification/correction of the initial Award, as reflected by the Subsequent Award, mooted the PBA's Petition. Consequently, the Township's preliminary objections in this matter were extinguished when the PBA's underlying action was properly dismissed as moot. It is, therefore, unnecessary to determine whether preliminary objections are the appropriate response to a petition for review of an arbitrator's award.

Accordingly, we conclude that the Board of Arbitrators had the jurisdiction to issue the Supplemental initial Award and the trial court correctly dismissed the PBA's Petition to Modify and Correct the initial Award as moot.

### ORDER

AND NOW, this 4th day of May, 2001, the order of the Court of Common Pleas of Bucks County, dated September 1, 1999, which dismissed as moot Appellant's Petition to Modify and Correct, is hereby affirmed.