**PENNSYLVANIA TURNPIKE COMMISSION, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 2009.

Decided Dec. 3, 2009.

Publication Ordered Feb. 19, 2010.

Michael J. McGovern, Harrisburg, for petitioner.

Carol J. Mowery, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

The Pennsylvania Turnpike Commission (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) vacating a determination of the Lancaster Service Center that Deborah L. Davis (Claimant) was financially ineligible for unemployment compensation benefits.

By notice dated December 2, 2008, the Service Center determined Claimant financially eligible for benefits. The Service Center subsequently issued a January 20, 2009 determination that Claimant was *ineligible* for benefits. On Claimant's appeal, the Board found the Service Center lacked jurisdiction to issue the January 20, 2009 determination where neither party appealed the earlier determination. Accordingly, the Board vacated the Service Center's second determination and reinstated Claimant's unemployment compensation benefits.

On appeal, Employer asserts its filings put the Service Center on notice it challenged Claimant's financial eligibility for benefits under Section 1002(11) of the Unemployment Compensation Law (Law) (relating to policymaking services excluded from employment).[1] Employer also maintains the Service Center's notice of financial eligibility and subsequent documentation contain conflicting language regarding

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by the Act of September 27, 1971, P.L. 460, 43 P.S. § 892(11). This section provides:

   Except for services performed in the employ of a hospital or institution of higher education not otherwise excluded in this act, for the purposes of this article, the term "employment" shall not include services performed by:

   . . .

   (11) Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are designated as (i) a major nontenured policymaking or advisory position; or (ii) a policymaking position the performance of the duties of which ordinarily does not require more than eight hours per week.

Claimant's eligibility for benefits, thus causing confusion as to the appropriate action Employer should have taken in response to the Service Center's first notice of eligibility. Discerning no merit in Employer's assertions, we affirm.

Claimant worked for Employer as its Chief of Staff for Operations and Administration. Effective November 20, 2008, Employer eliminated Claimant's position. She filed for unemployment compensation benefits.

In a December 2, 2008 notice of financial determination, the Service Center advised Claimant was financially eligible for unemployment compensation benefits (First Notice). Importantly, the First Notice also advised that December 17, 2008 was the last day to appeal the Service Center's determination. Claimant began receiving unemployment compensation benefits. Employer did not appeal the First Notice.

Without any intervening activity of record, the Service Center issued a second notice of financial determination on January 20, 2009 (Second Notice). This determination advised Claimant was *not* financially eligible to receive unemployment compensation benefits. Claimant timely appealed the Second Notice.

At hearing, the referee admitted the following Service Center documents and referee exhibits into evidence:

- Memo to process Claimant's appeal
- Certification of documents
- Claimant's appeal petition
- Documents attached to Claimant's appeal petition
- Employer's termination letter
- December 2, 2008 notice of financial eligibility

- January 20, 2009 notice of financial eligibility
- Claimant's earnings statement
- Claimant's W–2 Forms
- Claimant's claim record
- Claimant's Master Claim Inquiry Records
- Notices of Hearings

Notes of Testimony (N.T.), 3/16/09, at 4.

Claimant testified regarding her duties with Employer. She further stated her job did not include making policy decisions.

Employer's Director of Human Resources (HR Director) also testified. HR Director testified Claimant held a non-tenured policymaking position. Relevant here, HR Director testified that she receives all correspondence from local service centers regarding applications for unemployment compensation benefits and, to her knowledge, Employer did not receive a copy of the First Notice with respect to Claimant. However, HR Director stated she would know of Claimant's receipt of unemployment compensation shortly after payments began. HR Director testified Employer did not appeal the First Notice. Also of note, Employer's documentary evidence only concerned whether Claimant held a non-tenured policymaking position.

The referee sustained Claimant's appeal and vacated the Service Center's Second Notice declaring Claimant ineligible for unemployment compensation benefits. Thus, the referee determined Claimant eligible for benefits where Employer failed to appeal the First Notice. On Employer's appeal, the Board adopted the referee's findings and conclusions as its own.[2]

**2.** We are limited to determining whether the record supports the Board's findings of fact, and whether the Board committed legal error or violated constitutional rights. *Dep't of*

*Corrs., SCI–Camp Hill v. Unemployment Comp. Bd. of Review,* 943 A.2d 1011 (Pa. Cmwlth.2008).

Before addressing Employer's current arguments, we review the Board's order vacating the Service Center's Second Notice. Noted above, the Board determined the Service Center lacked jurisdiction to issue the Second Notice where Employer failed to appeal the First Notice determining Claimant financially eligible to receive benefits.

■ Section 501(e) of the Law, 43 P.S. § 821(3), provides, among other things, that a party must appeal a determination within 15 calendar days after such notice was delivered to that party personally or was mailed to his or her address. The Service Center may issue a revised notice of determination within the appeal period if no appeal has been filed. *Garza v. Unemployment Comp. Bd. of Review*, 669 A.2d 445 (Pa.Cmwlth.1995). However, the Service Center may not issue a revised notice of determination after the appeal period has expired; the determination becomes final and the Board loses jurisdiction to consider the matter. *Vereb v. Unemployment Comp. Bd. of Review*, 676 A.2d 1290 (Pa.Cmwlth.1996). It is well-settled the statutory time limit for filing an appeal is mandatory in the absence of fraud or a breakdown in the administrative agency. *First Nat'l Bank of Bath v. Unemployment Comp. Bd. of Review*, 152 Pa. Cmwlth. 6, 619 A.2d 801 (1993).

■ Here, the certified record lacks any indication Employer attempted to appeal the First Notice, and HR Director admitted as much. Absent an appeal, the First Notice became final and binding on the parties and, concomitantly, deprived the Service Center of jurisdiction to issue the Second Notice. *Vereb; First Nat'l Bank.* Thus, we discern no error in the Board's order vacating the Second Notice.

We now address the issues Employer raises in its appeal. Initially, Employer maintains that its filings placed the Service Center on notice of its challenge to Claimant's financial eligibility. Employer also argues the Bureau of Labor and Industry's (Bureau) forms contain conflicting language which unintentionally misled it as to the necessity of filing an appeal of the Service Center's First Notice.

■ In its brief, Employer contends the Service Center mailed forms to Employer requesting information regarding Claimant's wages and separation (Wage Statement), a state and local government questionnaire (Questionnaire), and a request for pension information (Pension Form) between December 1 and 9, 2008. *See* Employer's Br. at 6–12. Employer claims it filed the Wage Statement prior to the Service Center's First Notice, and the Questionnaire and Pension Form after the First Notice. *Id.* These forms purportedly allege Claimant worked in a non-tenured policymaking position, which, pursuant to Section 1002(11) of the Law, is not considered employment for benefit purposes. Employer's forms thus put the Service Center on notice of its challenge to Claimant's eligibility for benefits.

The flaw in Employer's argument, however, is the above-identified forms are not in the certified record. Employer therefore cannot prove it responded to the Service Center's request for information or that it raised the issue of Claimant's eligibility for benefits. Employer does not maintain the Service Center failed to notify it of Claimant's application for benefits.

At hearing, the referee specifically identified those documents contained in the Service Center's file. N.T., at 4. Listed above, the file does not include any of the forms to which Employer refers. Moreover, Employer did not introduce any of these documents in its case-in-chief. This Court may not consider any evidence that is not part of the certified record on ap-

peal. *Lausch v. Unemployment Comp. Bd. of Review,* 679 A.2d 1385 (Pa.Cmwlth. 1996); *Croft v. Unemployment Comp. Bd. of Review,* 662 A.2d 24 (Pa.Cmwlth.1995). Thus, we reject Employer's argument its filings raised the issue of Claimant's eligibility.[3]

■ Moreover, assuming the forms evidenced Employer's intent to challenge the Service Center's eligibility determination, they do not negate Employer's obligation to file an appeal of the First Notice. In *First National Bank of Bath,* we rejected a similar argument that the Bureau forms caused confusion as to the employer's appeal rights. There, the Bureau granted the claimant unemployment compensation benefits. Both the employer and the claimant received the Bureau's notice of eligibility determination which contained appeal instructions. Before the Bureau mailed the notice of eligibility determination, however, the employer requested forms asking to be relieved from the charges.[4] The form had to be returned within 15 days. Within the appeal period, the employer returned the form but did not appeal the notice of determination.

This Court rejected the employer's assertions the form manifested its intent to appeal. We explained that "[t]he language of [S]ection 501(e) ... is both clear and mandatory. Employers have fifteen (15) days to file an appeal *from a determination* ... or that determination *'shall be*

final and compensation *shall be* paid or denied in accordance therewith.' Because appeal provisions of the [Law] are mandatory, appellants carry a heavy burden to justify untimely appeals, and absent proof of fraud, cannot prevail." 619 A.2d at 803. (First emphasis added).

Applying the above principle here, none of Employer's forms can substitute for an appeal unless they specifically advise the Board that Employer appealed. *See* 34 Pa.Code § 101.81(e) (Board will consider written objection to determination as an appeal if appellant does not complete Department-approved form). Once again, the lack of the forms in the record prevents review to determine whether Employer specifically advised the Board it was appealing the First Notice.

We further reject Employer's argument the Bureau forms unintentionally misled Employer regarding the necessity of filing an appeal of the First Notice. There is simply no evidence to support Employer's contention. As noted above, the forms upon which Employer relies are not part of the certified record and we may not consider them to the extent they are recited in Employer's brief. *Lausch; Croft.* More importantly, however, HR Director did not discuss Employer's purported filings and their effect on Employer. N.T., at 21. The record therefore lacks evidence the Bureau forms confused Employer.[5]

Accordingly, we affirm.

---

**3.** Our conclusion is supported by the Service Center's certification of documents. The certification does not list the above forms as part of the record transmitted to the referee. *See* Ex. 2. In its appellate brief, Employer's quotations from the forms are really excerpts from its brief to the Board. Reproduced Record (R.R.) at 139a–143a.

**4.** Pursuant to Section 302 of the Law, added by the Act of May 26, 1949, P.L. 1854, 43 P.S. § 782(a)(1), the Department of Labor and Industry establishes a reserve account for each

employer and its contributions. The reserve account is then proportionally charged for compensation payable to an employee.

**5.** In the alternative, Employer seeks an order from this Court authorizing it to file a late appeal. Employer, however, has not filed an appeal *nunc pro tunc* with the Board. Thus, we cannot review Employer's request in the absence of findings by the Board as to whether such relief is warranted.

## ORDER

**AND NOW,** this 3rd day of December, 2009, the order of the Unemployment Compensation Board of Review is **AFFIRMED.**