Ginger I. Nicholson,                              :
                            Petitioner            :
                                                  :
            v.                                    :
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :         No. 2435 C.D. 2014
                            Respondent            :         Submitted: September 18, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: December 21, 2015


            Ginger I. Nicholson (Claimant), pro se, petitions this Court for review of

the Unemployment Compensation (UC) Board of Review's (UCBR) December 10,

2014 order affirming the Referee's decision assessing a $3,871.00 UC benefit

overpayment for the weeks ending September 14, 2013 through November 30, 2013.

Claimant raises two issues for this Court's review: (1) whether the Referee erred by

denying Claimant emergency unemployment compensation (EUC) benefits; and, (2)

whether the UCBR erred by denying Claimant's application to waive repayment of

EUC benefits.  After review, we affirm.

            Claimant filed for UC benefits on April 1, 2012, after she was separated

from her employment with Youth Advocate Program (Employer), and received UC

benefits in the amount of $397.00 per week.  On February 26, 2013, the Pennsylvania

Department of Labor and Industry (Department) created an EUC claim for Claimant

pursuant to Title IV of the Supplemental Appropriations Act of 2008 (EUC Act).[1] Claimant received EUC benefits for the compensable weeks ending August 24, 2013 through November 30, 2013.

On June 24, 2014, the Department granted Claimant EUC eligibility, from which Employer appealed on the basis that Employer had notified the Department's Indiana UC Service Center on September 6, 2013 that Claimant had refused a September 5, 2013 job offer. A Referee hearing was held on August 6, 2014, at which neither the Claimant nor Employer appeared.[2] On August 7, 2014, the Referee determined that Claimant was eligible for EUC benefits for compensable weeks ending August 24, 2013 through September 7, 2013, but was ineligible for weeks ending September 14, 2013 through November 30, 2013 (ineligible period). **Claimant did not appeal from that decision.**

On August 14, 2014, the Department's Duquesne UC Service Center issued a determination that Claimant was overpaid EUC benefits in the amount of $3,871.00 during the ineligible period. On August 28, 2014, Claimant appealed from the overpayment determination. On September 2, 2014, Claimant requested from the Department a waiver of the repayment of the EUC overpayment. On September 24, 2014, a Referee hearing was held on Claimant's appeal from the overpayment determination. Employer did not appear at the hearing.

On September 26, 2014, the Referee affirmed the Department's overpayment determination, stating:

> After carefully reviewing the record, the Referee concurs with the [Department's] determination and finds that Claimant's overpayment resulted from a Referee's decision

---

[1] Act of June 30, 2008, P.L. 110-252, *as amended*, Sections 4001-4007, 26 U.S.C. § 3304 Note.

[2] Claimant admitted receiving the hearing notice, but did not attend the hearing because she "didn't know what that was all about[.]" Notes of Testimony, September 24, 2014 at 2, Original Record, Item No. 7.

that reversed and denied benefits to Claimant under Section 402(a) of the [Law]. Because the Claimant did not attend the hearing nor filed an appeal [from] the Referee's Decision issued on August 7, 2014, it stands to reason that the overpayment is proper. Because this is determined a nonfraud overpayment, benefits overpaid are to be recovered in accordance with Sections 4005(b) and 4005(c) of the EUC Act.

Referee's Decision/Order, September 26, 2014, Original Record (O.R.), Item No. 8.

On October 10, 2014, Claimant appealed from the Referee's September 26, 2014 decision to the UCBR. On December 10, 2014, the UCBR adopted and incorporated the Referee's findings and conclusions, and affirmed the decision. Claimant appealed to this Court.[3] Thereafter, on February 18, 2015, the Department's Duquesne UC Service Center denied Claimant's waiver request.

Claimant first argues that the Referee incorrectly declared that Claimant was not entitled to EUC benefits for the ineligible period because the Employer did not appear at the August 6, 2014 hearing or offer proof that Claimant refused employment.

Initially, "Section 501(e) of the [UC] Law[4] . . . provides, among other things, that a party must appeal a determination within 15 calendar days after such notice was delivered to that party personally or was mailed to his or her address." *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009). "It is well-settled [that] the statutory time limit for filing an appeal is mandatory in the absence of fraud or a breakdown in the administrative agency." *Id.* Further, "if an appeal is not timely filed within the specified time period, the

---

[3] "[W]here [the c]laimant, the burdened party, was the only one to present evidence and yet did not prevail before the factfinder, our scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there has been a constitutional violation or an error of law." *Essick v. Unemployment Comp. Bd. of Review*, 655 A.2d 669, 670 n.5 (Pa. Cmwlth. 1995).

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

3

determination becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter." *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006).

Moreover, Section 509 of the UC Law, which sets forth the rules regarding collateral attacks on decisions made by the Department, a referee, or the UCBR, states:

> Any decision made by the [D]epartment or any referee or the [UCBR] shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.
>
> Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the [UCBR] or the Court and which has become final shall be conclusive for all purposes of [the UC Law] and shall not be subject to collateral attack as among all affected parties who had notice of such decision[.]

43 P.S. § 829.

Here, the Referee's decision finding Claimant ineligible for benefits which Claimant currently challenges was mailed on August 7, 2014. Because Claimant did not file an appeal from that decision, it became final on August 22, 2014. Accordingly, this Court is precluded from reviewing that decision.

Next, Claimant contends that the UCBR erred when it denied her waiver request. Claimant filed her waiver request **with the Department** on September 2, 2014. The Department did not deny Claimant's waiver request until February 18, 2015, two months **after** the UCBR held that Claimant had received an overpayment. Thus, the UCBR decision from which Claimant appealed to this Court does not include the waiver denial. Since the waiver request was not before the UCBR at the time it issued its December 10, 2014 order, the matter is not properly before this Court, and we may not address it. *See Donovan v. Workers' Comp. Appeal Bd.*

4

*(Acad. Med. Realty)*, 739 A.2d 1156, 1160 (Pa. Cmwlth. 1999) ("[A] reviewing court may not consider issues not raised before the governmental unit.").

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ginger I. Nicholson,                              :
                         Petitioner          :
                                              :
                  v.                    :
                                              :
Unemployment Compensation               :
Board of Review,                          :     No. 2435 C.D. 2014
                      Respondent          :

## O R D E R

AND NOW, this 21st day of December, 2015, the Unemployment Compensation Board of Review's December 10, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge