## DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, Petitioner

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 2004.

Decided April 21, 2004.

Charles Rees Brown, Harrisburg, for petitioner.

Gary L. Kelley, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge McGINLEY.

The Commonwealth of Pennsylvania, Department of Community and Economic Development (Employer) petitions for review from the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's award of benefits to Brian W. Kreider (Claimant) under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts as found by the Board are as follows:

1. The claimant was last employed by the Commonwealth of Pennsylvania, Community and Economic Development and his last day of work was April 28, 2003.

2. The claimant worked for this employer as a Director of Film Bureau at a final bi-weekly rate of $2835.79 and he began this employment on January 25, 1999.

3. Effective April 28, 2003, the claimant was involuntarily discharged by the employer.

4. The employer witness testified that the claimant was not discharged for cause.

Board Opinion, September 29, 2003, Findings of Fact Nos. 1–4 at 1.

■ The Board determined that Claimant was not guilty of willful misconduct[2] because Employer stipulated that Claim-

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Willful misconduct is defined as conduct that represents a wanton and willful disre-

gard of an employer's interest, deliberate violation of rules, disregard of standards of behavior which an employer can rightfully expect from his employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial

ant was "... not discharged from employment for cause." With respect to the argument Employer raised in its appeal to the Board, and attempted to raise during the hearing before the referee[3] that Claimant was ineligible to receive benefits under Section 1002(11)(i) of the Law, 43 P.S. § 892(11)(i)[4], the Board determined:

Section 509 of the Law provides, in pertinent part, that any right, fact or matter in issue which was directly passed upon or necessarily involved in any determination of the department, or any referee or the board or the court and which has become final shall be conclusive for purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such determination.

*The Board notes that it cannot reopen the claimant financial determination as it has become a final order because no appeal was taken from the order by either party.*

*If the employer believes that it did not receive the financial determination, the*

*Board notes that the employer may be interested in filing a late appeal.*

Board Decision, September 29, 2003, at 2. (Emphasis added).

■ Before this Court, Employer does not take issue with respect to willful misconduct. Employer instead contends that the Notice was not final and conclusive because it was never served on Employer, that the notice of determination[5] regarding Claimant's separation from employment appealed by Employer did not involve any matter at issue which was directly addressed in the Notice, and that the Board erred when it concluded that Employer was precluded from raising the issue of Claimant's status as a major, non-tenured policy maker.[6]

Employer does not challenge the Board's determination that Claimant was not ineligible for benefits under Section 402(e). As a result, there is no issue before this Court.

Accordingly, we affirm.[7]

disregard for the employer's interests or the employee's duties and obligations. *Frick v. Unemployment Compensation Board of Review*, 31 Pa.Cmwlth. 198, 375 A.2d 879 (1977).

3. At hearing before the referee on July 15, 2003, the referee identified the issue as whether Claimant was eligible for benefits under Section 402(e), not whether he was financially eligible to receive benefits. The referee determined that, without an appeal, the Notice of Financial Determination (Notice) issued by the Job Center was final. Employer's counsel asserted that Employer did not receive the Notice. Notes of Testimony, July 15, 2003, (N.T.) at 5; Reproduced Record (R.R.) at 29A. The referee precluded any Employer evidence about receipt of the Notice. N.T. at 6; R.R. at 30A.

4. Section 1002(11)(i) of the Law, 43 P.S. § 892(11)(i), excludes from compensable employment the jobs of "[i]ndividuals serving in positions which under or pursuant to the laws of this Commonwealth, are designated as (i) a

major nontenured policymaking or advisory position...."

5. The notice of determination addresses a claimant's eligibility for benefits based on his separation from employment. The notice of financial determination addresses a claimant's eligibility for benefits based on whether he has sufficient wages and whether there is an exclusion from employment under Section 1002(11)(i).

6. This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact are not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 161 Pa.Cmwlth. 464, 637 A.2d 695 (1994).

7. The Board properly noted that Employer had the opportunity to file an appeal *nunc pro tunc* from the notice of financial determination. Apparently, Employer chose not to avail itself of this procedure.

## *ORDER*

AND NOW, this 21st day of April, 2004, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.