IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cathy Martin,                              :
                         Petitioner        :
                                           :
          v.                               :    No. 1354 C.D. 2018
                                           :    Submitted: March 29, 2019
Unemployment Compensation                  :
Board of Review,                           :
                         Respondent        :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                           FILED:  July 25, 2019


          Cathy Martin (Claimant), representing herself, petitions for review of

an order of the Unemployment Compensation Board of Review (Board) that

affirmed a referee's decision finding her ineligible for unemployment compensation

(UC) benefits under Section 402(b) of the Unemployment Compensation Law[1] (UC

Law) based on her voluntary resignation from employment with Evoqua Water

Technologies (Employer) without a necessitous and compelling reason.  On appeal,[2]

Claimant contends she had a necessitous and compelling reason to quit her job, and

she challenges the nature of her separation from Employer.  She also argues the

referee and the Board lacked jurisdiction to consider Employer's purported appeal

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).  Section 402(b) of the UC Law provides "[a] employe shall be ineligible for compensation for any week . . . [i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ."  Id.

[2] We have reordered Claimant's issues on appeal.

of the UC Service Center's notice of determination finding Claimant not ineligible for benefits under Section 402(b) of the UC Law, because Employer was only requesting a relief from charges and not filing an appeal. Upon review, we vacate the Board's order.

Because the issue of whether the referee, and thus the Board, had jurisdiction to consider Employer's purported appeal of the UC Service Center's eligibility determination is dispositive of this appeal, a detailed discussion of the facts pertaining to Claimant's voluntary resignation from employment is unnecessary.

Briefly, by way of background, Claimant worked for Employer as a full-time Payroll Manager from November 7, 2016, to January 12, 2018,[3] although Employer initially hired Claimant to work as a Human Resources (HR) Generalist. According to Claimant, she resigned her employment in late November 2017 because Employer substantially and unilaterally changed the terms and conditions of her employment when it hired her as an HR Generalist and later changed her duties and job title to Payroll Manager, assigned her duties at Employer's HR Shared Services call center, and moved its office location from Warrendale, Pennsylvania, to downtown Pittsburgh, Pennsylvania.

Claimant subsequently applied for UC benefits. On February 23, 2018, a UC Service Center issued a notice of determination, finding Claimant not ineligible for benefits under Section 402(b) of the UC Law on the ground she had a necessitous

---

[3] Claimant entered into an agreement with Employer to continue working until January 12, 2018, in exchange for a severance package.

and compelling reason for voluntarily quitting her job because Employer unilaterally changed the terms and conditions of her employment that were established at the time of hire. The notice of determination provided the last day to appeal was March 12, 2018, and included detailed appeal instructions. Certified Record (C.R.), Item No. 7. The appeal instructions provided that an appeal must be filed with the Department of Labor and Industry (Department) within 15 days of the mailing date of the determination and that the determination becomes final unless a timely appeal is filed. Id. at 1. The instructions further noted that any appeal filed by mail should be sent to the Duquesne UC Service Center at 14 North Linden Street, Duquesne, PA 15110-1067. Id. at 2. Finally, the instructions advised, in pertinent part, the following:

> **CONTRIBUTING BASE YEAR EMPLOYER:** This is not a determination on relief from charges. However, this determination may affect a request for relief from charges.
>
> - An appeal to a Claimant's eligibility and a request for relief from charges MUST BE FILED SEPARATELY.
>
> - For procedures and time limits for requesting relief from charges, see Form UC-44FR previously sent to you with the Claimant's Notice of Financial Determination[4] or contact the Employers' Charge Section . . . .
>
> **A REQUEST FOR RELIEF FROM CHARGES, WHETHER GRANTED OR NOT, WILL HAVE NO EFFECT ON THIS DETERMINATION.**

---

[4] Neither Form UC-44FR nor Claimant's Notice of Financial Determination, Form UC-44F, are included in the certified record. However, the claim record indicates that the Department mailed Form UC-44F to Claimant on February 12, 2018, and that Claimant received benefits after the UC Service Center issued its eligibility determination regarding Claimant's separation from employment. Certified Record (C.R.), Item No. 1, at 1-2. Because the parties do not refer to or rely on these forms, their absence from the record does not hinder our review of this matter.

Id. at 3 (emphasis in original).

Employer, through its representative Equifax, mailed a letter on February 27, 2018, within the 15-day appeal period, to the Employer Charge Unit at P.O. Box 67504, Harrisburg, PA 17106-7504, stating as follows:

> This is in reference to form UC[-]44,[5] Notice of Determination, dated February 23, 2018[,] which allows benefits to the above individual. We respectfully request a redetermination based on the following information.
>
> **We respectfully request a relief of charges**[6] as [C]laimant voluntarily quit for personal reasons.
>
> Continuing work was available. Our records indicate [C]laimant quit without good cause attributable to [E]mployer. [C]laimant's reason was personal in nature and not within [E]mployer's ability to control. Therefore[,] [E]mployer's account should not be charged. Please note, **this is not a request for an appeal**; it is a request for a noncharge.

C.R., Item No. 8 (bold and underline emphasis added). The date stamp on the letter indicates "Employer Services" received the letter on March 1, 2018, and then, apparently, transferred the letter to the Duquesne UC Service Center, which received the letter on April 6, 2018.[7] Also included with the letter in the certified record is a Petition for Appeal form, which states "See Attached" as the reason for the appeal

---

[5] A notice of determination, Form UC-44, addresses a claimant's eligibility for benefits based on her separation from employment. See Dep't of Cmty. & Econ. Dev. v. Unemployment Comp. Bd. of Review, 847 A.2d 229, 231 n.5 (Pa. Cmwlth. 2004).

[6] "[A]n [e]mployer seeking relief from charges is requesting a tax exemption. Thus, strict construction is required." First Nat'l Bank of Bath v. Unemployment Comp. Bd. of Review, 619 A.2d 801, 803 (Pa. Cmwlth. 1992).

[7] A photocopy of the envelope containing the letter also bears a date stamp with this date. C.R., Item No. 8.

4

and bears a date stamp indicating the Pittsburgh Referee Office (referee office) received the Petition for Appeal form on April 13, 2018. The referee office issued a notice of hearing the same day indicating the primary issue to be considered at the hearing was whether Claimant was ineligible for benefits under Section 402(b) of the UC Law. C.R., Item No. 10.

Claimant appeared at the referee hearing, with counsel, and was the only witness to testify. Despite being notified of the date, time, and place of the hearing, Employer and its representative Equifax did not appear. At the start of the hearing, Claimant's counsel objected to all correspondence from Equifax on the basis of hearsay, including Referee Exhibit C (the February 27, 2018 Equifax letter), which the referee sustained, but only to the extent the letter contained hearsay. In doing so, the referee reasoned Employer was not there to provide testimony and evidence on the issue of the reason for Claimant's separation. However, the referee admitted the letter to demonstrate Equifax filed a timely[8] and valid appeal on behalf of Employer. Notes of Testimony (N.T.) at 4. Claimant then testified regarding her duties with Employer and the changes that occurred over the course of her employment up until her resignation.

Following the hearing, the referee issued a decision reversing the UC Service Center's determination and denying benefits under Section 402(b) of the UC

---

[8] Regarding timeliness of the February 27, 2018 Equifax letter, *i.e.*, Employer's "appeal," the referee determined that, given the absence of an official U.S. postmark, the postage meter mark bearing the date February 27, 2018, was sufficient to establish the timeliness of the appeal. Notes of Testimony at 2; see 34 Pa. Code § 101.82(b)(1)(ii) (providing that where no official U.S. Postal Service postmark or other proof of mailing, the date of the postage meter mark on the envelope will serve as filing date). Claimant does not challenge this on appeal.

5

Law, concluding Claimant failed to sustain her burden under that section. Notably, the referee did not discuss the validity of Employer's appeal in his decision.

Claimant appealed to the Board and requested permission to file a brief, which the Board granted. Claimant's counsel filed the brief largely reiterating Claimant's arguments made throughout these proceedings, namely that she had a necessitous and compelling reason to quit her job because Employer substantially and unilaterally changed the terms and conditions of her employment. The Board ultimately affirmed the referee's decision denying benefits but made its own findings of fact and conclusions of law. The Board concluded Claimant failed to establish she had a necessitous and compelling reason to quit her job. Like the referee, the Board also did not discuss the validity of Employer's appeal in its decision. Claimant, now representing herself, appeals to this Court.

On appeal,[9] Claimant asserts that the referee and the Board lacked jurisdiction to consider Employer's purported appeal of the UC Service Center's eligibility determination, because Employer was only requesting a relief from charges, not filing an appeal. Specifically, she argues the UC Service Center, the referee, and the Board erred by accepting and considering the February 27, 2018 Equifax letter as Employer's "appeal" because Equifax sent it to the Employer Charge Unit, which is not the office to which appeals are sent, and the letter is not the correct document to appeal an eligibility determination. She claims that after the

---

[9] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014).

Employer Charge Unit received the letter on March 1, 2018, an employee of that office filed an appeal on behalf of Employer, and a hearing ensued before a referee despite that the letter explicitly stated Employer was not appealing the UC Service Center's determination. She points out that neither Employer nor Equifax appeared at the referee hearing because Employer was only requesting a relief from charges. In addition, she observes Equifax likely knew that a request for relief from charges is different from an appeal of an eligibility determination given the explicit language in the letter that "this is not a request for an appeal; it is a request for a noncharge." Claimant's Br. at 20-22; C.R., Item No. 8. The Board counters, in a footnote, that Claimant waived the issue based on her failure to raise it in her appeal to the Board. We disagree.

Although the Board correctly observes that Claimant did not raise the issue in either her petition for appeal or her brief to the Board, see C.R., Item Nos. 14, 16, it is well-settled that jurisdictional matters may be raised *sua sponte* by this Court even if, as here, a party fails to raise the issue below. Darroch v. Unemployment Comp. Bd. of Review, 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993).

Section 501(e) of the UC Law, 43 P.S. §821(e), provides, in relevant part, that a party must appeal a notice of determination within 15 calendar days of the mailing date of the determination. The statutory time limit for filing an appeal of a determination is mandatory; if no appeal is filed within 15 days of the determination's mailing date, the determination becomes final, and the referee and the Board lose jurisdiction to consider the matter further. Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review, 991 A.2d 971, 974 (Pa. Cmwlth. 2009)

7

(citing Vereb v. Unemployment Comp. Bd. of Review, 676 A.2d 1290 (Pa. Cmwlth. 1996)). It follows that where the referee and the Board do not have the requisite jurisdiction to consider the merits of a Department determination, this Court is also divested of jurisdiction to consider the merits. Darroch, 627 A.2d at 1237 n.6.

Accordingly, because the jurisdictional issue Claimant raises in both her petition for review and her brief[10] to this Court implicates our jurisdiction to consider the merits of this appeal, we decline to find waiver. Therefore, we will address the issue.

As noted above, Claimant argues the referee and the Board lacked jurisdiction to consider Employer's purported appeal of the UC Service Center's determination finding Claimant not ineligible for benefits under Section 402(b) of the UC Law, because Employer was only requesting a relief from charges, not filing an appeal. We agree with Claimant.

_____

[10] Claimant attached extra-record evidence to her *pro se* communication filed with this Court, indicating her intent to appeal the Board's decision and order. The Board filed a motion to strike the extra-record evidence, which this Court granted on January 9, 2019. Thereafter, on March 29, 2019, this Court granted in part Claimant's motion to supplement the record and amended the January 9, 2019 order to clarify that one document appended to the *pro se* filing is not stricken in its entirety, as that document appears in the certified record. The March order also confirmed the remainder of the January order and further directed the Chief Clerk to remove the appendices attached to Claimant's brief because they are also not part of the certified record.

Claimant's brief contains numerous references to the appendices stricken from her brief, which we have not considered for purposes of this appeal. See Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review, 991 A.2d 971 (Pa. Cmwlth. 2009) (this Court may not consider evidence that is not part of the certified record on appeal).

This Court has repeatedly held that "the filing of an appeal from an eligibility determination is separate and distinct from the filing of a request for relief from charges." See Ruffner v. Unemployment Comp. Bd. of Review, 172 A.3d 91 (Pa. Cmwlth. 2017) (quoting First Nat'l Bank of Bath v. Unemployment Comp. Bd. of Review, 619 A.2d 801 (Pa. Cmwlth. 1992)); see also Myers v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., Nos. 1856 & 1857 C.D. 2012, filed June 6, 2013), 2013 WL 3156565 (unreported).[11] Stated otherwise, a request for relief from charges will not serve as an appeal from an eligibility determination. Myers, slip op. at 2, 2013 WL 3156565, at *2.

Here, the UC Service Center determined Claimant was not ineligible for UC benefits under Section 402(b) of the UC Law on the basis she had a necessitous and compelling reason to resign her employment. The notice of determination indicated that the final day to timely appeal that determination was March 12, 2018, and that the determination would become final absent the filing of an appeal by that date. C.R., Item No. 7. Aside from the Petition for Appeal form, which merely indicates "See Attached" as the reason for Employer's "appeal," the certified record lacks any other indication that Employer attempted to appeal the UC Service Center's eligibility determination finding Claimant not ineligible for UC benefits. Rather, the record reveals that Employer, through its representative Equifax, initiated this matter by mailing a letter to the Employer Charge Unit within the 15-day appeal period, which explicitly stated, "[w]e respectfully request **a relief of charges**" and "**this is not a request for an appeal**; it is a request for a noncharge." C.R., Item No. 8 (bold and underline emphasis added). Despite that express

---

[11] Myers is cited for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

language, the Employer Charge Unit apparently assumed the letter was an appeal and transferred the letter to the UC Service Center, which then transferred the letter to the referee office, and a hearing ensued before the referee on eligibility. In reversing the UC Service Center's determination and concluding that Claimant was ineligible for benefits under Section 402(b), the referee and the Board also treated Employer's explicit request for relief from charges as an appeal from the UC Service Center's eligibility determination. The referee and the Board erred in doing so because Employer was not appealing that determination.

In short, because Employer expressly did not appeal the UC Service Center's determination finding Claimant not ineligible for benefits, that determination became final and binding on the parties and, consequently, deprived the referee and the Board of jurisdiction to issue the subsequent decisions reversing the UC Service Center's determination and finding Claimant to be ineligible for benefits. See Section 501(e) of the UC Law, 43 P.S. §821(e); see also Section 302.1(e)(1) of the UC Law,[12] 43 P.S. §782.1(e)(1) (pertaining to relief from charges and providing that where a party's eligibility is finally determined under Section 501(e), such determination shall not be subject to collateral attack in proceedings under Section 302.1). We therefore hold that the Board erred in concluding that Claimant was ineligible for benefits under Section 402(b) of the UC Law.

---

[12] Section 302.1 of the UC Law was added by the Act of June 17, 2011, P.L. 16.

10

Accordingly, the Board's order denying benefits must be vacated.[13]

_____
ROBERT SIMPSON, Judge

---

[13] Because the referee and the Board lacked jurisdiction to consider the merits of the UC Service Center's determination, we also lack jurisdiction to review the merits of this matter. Pa. Tpk. Comm'n. Therefore, we need not address the other substantive issues raised by Claimant in this appeal.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cathy Martin,                           :
                   Petitioner           :
                                        :
          v.                            :     No. 1354 C.D. 2018
                                        :
Unemployment Compensation               :
Board of Review,                        :
                   Respondent           :

## **O R D E R**

     **AND NOW**, this 25th day of July 2019, the order of the Unemployment Compensation Board of Review is **VACATED**.

 

 

                                                            
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cathy Martin,                          :
                    Petitioner         :
                                       :
            v.                         :    No. 1354 C.D. 2018
                                       :    Submitted:  March 29, 2019
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

**OPINION NOT REPORTED**

**DISSENTING OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  July 25, 2019**


Respectfully, I disagree with the Majority that the Referee and the Unemployment Compensation Board of Review (Board) lacked jurisdiction to consider Cathy Martin's (Claimant) eligibility for benefits under the Unemployment Compensation (UC) Law[1] (Law) based on Evoqua Water Technologies' (Employer) apparent **choice** to characterize its challenge to Claimant's eligibility for benefits as a request for relief from charges, rather than an appeal.  Here, Employer filed its timely challenge to the Board's Notice of Determination of eligibility, not to the Notice of Financial Determination.  Moreover, a party is not permitted to limit the broad scope of the UC authorities' review by characterizing a filing in a particular

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-918.10.

way, such as a request for relief from charges rather than an appeal, while simultaneously asserting grounds for appeal. Accordingly, I would not vacate the Board's Order finding Claimant ineligible under Section 402(b) of the Law, 43 P.S. § 802(b).

Claimant, who had voluntarily resigned from her position as a full-time Payroll Manager in January 2018, filed for UC benefits. On February 23, 2018, a UC Service Center found Claimant not ineligible for UC benefits because she had cause of a necessitous and compelling nature for voluntarily resigning due to a unilateral change to her terms and conditions of employment. (Notice of Determination (Notice), Record Item (R. Item) 7.) In doing so, the UC Service Center rejected Employer's position that Claimant voluntarily quit for personal reasons. (Employer Letter to UC Service Center, R. Item 5.)

The Notice reflected that the last day to appeal was March 12, 2018, and included directions on how to file an appeal. It further stated that if a party "disagree[d] with this determination and wish[ed] to file an appeal, [the] appeal must be filed on or before the last day to appeal . . . ." (Notice at 1.) Any appeal could be filed online or be sent "to the department by mail," and had to include the name, address, social security number of the claimant (if known), and "**the date of the determination being appealed**, **the reason for the appeal**[,] and the name and address of the individual filing the appeal." (*Id.* at 3 (emphasis added).) The Notice further advised the "Contributing Base Year Employer" that "[t]his is **not** a determination on relief from charges" but that "this determination [of eligibility] may affect a request for relief from charges." (*Id.* (emphasis added).) It further indicated that "[a]n appeal to a Claimant's eligibility and a request for relief from charges MUST BE FILED SEPARATELY" and that "**A REQUEST FOR RELIEF**

**FROM CHARGES, WHETHER GRANTED OR NOT, WILL HAVE NO EFFECT ON THIS DETERMINATION**." (*Id.* (emphasis in original).) The Notice informed the "CONTRIBUTING BASE YEAR EMPLOYER" that the "procedures and time limits for requesting relief from charges" were set forth in the UC-44FR form that had been "previously sent to [the employer] **with the Claimant's Notice of Financial Determination** . . . ." (*Id.* (emphasis added).)

On February 27, 2018, Employer, via its representative Equifax, sent a letter to the Employer Charge Unit (Letter) stating the Letter was "in reference to form UC 44, **Notice of Determination, dated February 23, 2018[,] which allows benefits to the above individual**." (Letter, R. Item 8 (emphasis added).) Employer "**respectfully request[ed] a <u>redetermination</u> based on the following information**" and "respectfully request[ed] a relief of charges as the [C]laimant voluntarily quit for personal reasons" because "[c]ontinuing work was available," "[C]laimant quit without good cause attributable to the [E]mployer," and "[C]laimant's reason was personal in nature and not within the [E]mployer's ability to control." (*Id.* (emphasis added).) Notwithstanding the Letter's specific statement that the Letter was in reference to the **Notice finding Claimant eligible** (and **not** to the **Notice of Financial Determination**), a specific request for a redetermination on that issue, and specific assertions of reasons why that determination was incorrect, Employer also stated "[p]lease note, this is **not** a request for an appeal; it is a request for a noncharge." (*Id.* (emphasis added).)

Employer's Letter, challenging the Notice finding Claimant not ineligible, requesting a redetermination of that issue, and asserting reasons why a redetermination should be made, was forwarded to the UC Service Center. The UC Service Center, which received the Letter on April 6, 2018, treated the Letter as an

appeal. A hearing before a Referee was scheduled and held on whether Claimant was ineligible for benefits under Section 402(b), at which Claimant and Employer presented evidence. During those proceedings, Claimant, who was represented by counsel, did not challenge the Referee's authority to consider the matter. The Referee found Claimant ineligible, and Claimant appealed to the Board. Claimant did not raise in her appeal, or in her brief to the Board, any challenge to the Referee's or the Board's authority to consider the Claimant's eligibility. The Board affirmed. Neither the Referee nor the Board addressed in their decisions their respective authority to consider Claimant's eligibility for UC benefits.

Claimant, now pro se, argues both the Referee and the Board lacked jurisdiction to review the Notice because Employer did not appeal the Notice, but simply filed a request for relief from charges, an issue neither she nor her counsel raised before the Referee or the Board. The Majority agrees with Claimant's arguments, first concluding that Claimant's failure to raise the issue before her current appeal is without moment because the issue is jurisdictional in nature. It then concludes that, "because Employer was only requesting a relief from charges, not filing an appeal," the Referee and the Board lacked jurisdiction. *Martin v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1354 C.D. 2018, filed July 25, 2019), slip op. at 8. However, my review of Employer's Letter reflects that **it was an appeal from the February 23, 2018 Notice**, notwithstanding Employer's characterizing it as something else. Thus, I must disagree with the Majority's contrary conclusion.

Employer indicated the Letter was **in reference to the Notice** "**which allow[ed] benefits**" to Claimant. (Letter (emphasis added).) Importantly, the Letter was **<u>not</u>** in reference to a **Notice of Financial Determination** for Claimant, attached

RCJ-4

to which are the instructions for filing a request for relief from charges. (*See* Notice at 3.) Instead, the Letter sought "a **redetermination**" because "[C]laimant voluntarily quit for personal reasons," "[c]ontinuing work was available," "[C]laimant quit without good cause attributable to [E]mployer," and "[C]laimant's reason was personal in nature and not within the [E]mployer's ability to control." (Letter (emphasis added).) Although Employer did not characterize its request as an appeal, the Letter was filed within the Notice's appeal period, sought a **redetermination** of the allowance of benefits to Claimant, and gave the UC authorities reasons directly challenging Claimant's **eligibility** for UC benefits. Indeed, Employer's basis for its requested relief that Claimant voluntarily quit for personal reasons had been asserted in Employer's response to Claimant's application for benefits and was rejected by the UC Service Center. These, respectfully, are all the hallmarks of an appeal of an eligibility determination. Employer's Letter is **not** an improper collateral attack of a final eligibility determination through the request for relief procedures set forth in Section 302.1(e)(1) of the Law, 43 P.S. § 782.1(e)(1),[2] but is a **timely-filed direct attack** on the Notice's finding Claimant not ineligible for UC benefits.

The UC authorities have an obligation to avoid the dissipation of the UC Fund by those not entitled to benefits based upon the information that is available to them. *See, e.g.*, *Dep't of Labor & Indus., Bureau of Emp't Sec. v. Unemployment Comp. Bd. of Review*, 211 A.2d 463, 467-70 (Pa. 1965) (*Lybarger*); *Phillips v. Unemployment Comp. Bd. of Review*, 30 A.2d 718, 723 (Pa. Super. 1943). Employer's action, whether intentionally or not, effectively sought to limit the scope of the UC authorities' review by claiming it was not "appealing" the Notice, while

---

[2] Added by Section 3 of the Act of June 17, 2011, P.L. 16.

simultaneously asserting an entitlement to a noncharge because Claimant quit for personal reasons (a disqualifying reason under the UC Law), and should be rejected. Employer's action is akin to the historic attempts by employers and claimants to "agree" to a claimant's receipt of UC benefits through, for example, the employer not directly challenging a claim for benefits. However, attempts to utilize the UC Fund for purposes other than those for which the UC Fund were created have been rejected. *Lybarger*, 211 A.2d at 467-70; *Goldsmith v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1385 C.D. 2008, filed July 9, 2009), slip op. at 15-16;[3] *Gen. Motors Corp., Fisher Body Div. v. Unemployment Comp. Bd. of Review*, 232 A.2d 35, 37 (Pa. Super. 1967); *Phila. Transp. Co. v. Unemployment Comp. Bd. of Review*, 141 A.2d 410, 416 (Pa. Super. 1958). To do otherwise would "jeopardize[ the UC Fund's] solvency and destroy[ the UC Fund's] trust characteristics." *Lybarger*, 211 A.2d at 485. I, therefore, discern no error or abuse of discretion in the UC authorities treating Employer's filing, which was styled as a request for relief from charges, but sought a redetermination of the Notice because Employer contends Claimant was ineligible for UC benefits, as a timely-filed appeal of the Notice's contrary findings.

There being a timely-filed appeal of the Notice, the Referee and the Board had jurisdiction to consider Claimant's eligibility under Section 402(b). To hold otherwise would allow a party's characterization of a filing, despite the actual contents of that filing, to supersede and hinder the UC authorities' obligation to avoid dissipation of the UC Fund. I also believe, as the Board argues in its brief, that Claimant has waived her argument because she did not raise it before the Board.

_____

[3] *Goldsmith*, an unreported opinion, is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Because I cannot agree with the Majority's contrary conclusions, I, respectfully, must dissent.

                                                               _____

**RENÉE COHN JUBELIRER,** Judge